All right, let's move to our first case. In Re Universal Electronics, Inc., and Mr. Guilford, you have reserved three minutes in your time for rebuttal. Is that correct? Yes. OK, you may begin. May it please the court. My name is Ben Guilford, and I represent Appellant Universal Electronics, Inc. This is a consolidated appeal involving two related patent applications, the 037 application and the 095 application. The 037 and 095 applications are directed to a remote control with an input device that combines button-clicking functionality with touchpad functionality. The remote includes internal logic that distinguishes a click input from a touch input and selects an appropriate command code for a memory depending on the type of input that is detected. The remote's internal logic can also select an appropriate command for a memory depending on the location of the user's touch. Conventional remote controls, like those found in the Dresty and Meyer references that issue in this appeal, were comprised of a bunch of command buttons on the face of the remote. The inventions of the 037 and 095 applications advantageously allow most of these command buttons to be replaced with a claimed input device. Inventions of the 037 and 095 applications also deliver a degree of accuracy and customizability that conventional remote controls could not provide. So I'd like to begin now with the board's decision in the 037 application. I want to begin in appendix page 4. And shown on appendix page 4 is claim 1 of the 037 application. So as shown here, the first claim of the 037 application is directed to a controlling device with an input device comprised of a movable touch-sensitive surface positioned above a plurality of switches. Mr. Guilford, I have a question for you. I understand the combination that we're looking at is, I think, Fisher and View of Dresty, right? Yes. So one of the things that you assert in your brief is that Fisher already discloses controlling different devices. And so therefore, it wouldn't have been obvious to modify Fisher and View of Dresty to be able to have a universal remote that can control different devices. Now, the board didn't agree with you on that. The board at JA-16 specifically says that they don't think that Fisher was originally directed to controlling more than one device at a time, or that it didn't have the universal, having the knowledge of different protocols in order to be able to control different devices. So do you think that's wrong? Are you challenging that fact-finding? Because to me, the rationale, the motivation to combine seems to be, you modify Fisher and View of Dresty for the same reason that Dresty teaches the teachings that it has in that paragraph 34 of Dresty, I think. It's talking about the ability to have a universal remote. So I'm just curious, one of the big differences, you seem to assume that Fisher already has that capability. And I don't see it in Fisher, nor do I see where the board ruled in your favor on that. I understand your point, Your Honor. I think it's more of an issue of, why do you need to make Fisher into a universal remote? I mean, Dresty and Meijer are both universal remotes. That's what they do. They command multiple appliances. Fisher is a very different device. Fisher is a device kind of like those old iPods, where you have the circular touch wheel, and you can play music. And according to Fisher, you can apply that into different things. It could be kind of like a wireless mouse that has touch capabilities, as well as clicking. And Fisher's device works perfectly good for those purposes. And the question, I think, that we're raising is, why do you need to take Fisher's device, and all of a sudden make it into a universal remote? There's no explanation of why that would need to be done. So I think that's our position, at least for the board. But why isn't the rationale, given the substantial evidence standard, why isn't the rationale, the reason why you do that is so you can control different devices that accept different protocols, the very reason one would have a universal remote, why isn't that enough of a motivation to combine, given the substantial evidence standard? I think our position is that there needs to be more explanation. Essentially, the rationale here is, in essence, tied in with the combination. You're saying you would make Fisher a universal remote because you would want to make it a universal remote. No, because Justice teaches, we have a universal remote. These are the advantages of a universal remote. You need to have this code set in order to be able to have a universal remote. Why isn't that enough? I think, innately, what a universal remote does is command a bunch of different appliances. And there needs to be an explanation of why you would want to make Fisher's device into a universal remote that commands. So you'd have to say something like, no reasonable fact finder could find that. That's the substantial evidence standard. No reasonable fact finder could find that that motivation was sufficient. I think the answer to that question is that the decision and the examiner's rejection are lacking in an explanation of why it would make sense to make Fisher into a universal remote. That's our position. But do you agree that Fisher doesn't have universal remote capability? You agree with that, right? Yes. OK. So kind of getting back to the board's decision and what the claims require. So again, looking at appendix page four, the main part of the claim here is parsing the four different limitations. Kind of running through these four limitations as the board parsed them. First, you have a controlling device that must be adapted to respond to an activation of one of the plurality of switches by, second, determining a touch location of a touch on the touch-sensitive surface. Third, the controlling device must use the determined touch location to retrieve a command data from a library of command data stored in memory. And fourth, the controlling device must use the retrieved command data from memory to transmit a command signal to an appliance. Now in appendix page four, the board found that the examiner's primary reference, Fisher, teaches limitations one and two. But there is no dispute that Fisher fails to teach or suggest limitations three and four. If we turn now to appendix page five, the board states that the examiner finds that Dresde's use of a command code library to control the operation of home appliances teaches or suggests recitations three and four. Now the board's wrong right off the bat here. If we turn to appendix page 534, which is the page of the examiner's final office action that the board cites to, the examiner says that Dresde teaches using the determined key activation to retrieve from a library of command data stored in a memory of the controlling device a command data for use in controlling a functional operation of an appliance. As the examiner concedes, Dresde teaches a conventional remote control with a plurality of command keys. When one of the keys is pressed, Dresde retrieves a corresponding command code for memory. So for example, if you press the volume up button, you get the volume up code for memory. Now as I mentioned earlier, limitations three and four of the 037 application expressly require using a determined touch location to retrieve command data from memory. However, Dresde indisputably does not have means for determining a touch location and does not use a determined touch location. Isn't the primary reference they teach that? Fisher teaches that. And the combination is to take Fisher's switches, if you will, and touch control and use it with the code set taught by Dresde. So don't you have to look at the two of them combined to see whether they're, first of all, there has to be a motivation to combine them. And second of all, once they're combined, then you look at whether combined is proposed by the patent examiner and affirmed by the board, whether that would satisfy the limitations of the claims. So shouldn't you be talking about the combination? You're absolutely right, Your Honor. So I think we need to take a step back to just clarify what Fisher does not have. And then we can look at the combination to see if that combination gets us to where we need to be. So if we look at appendix page 533, and this is the examiner speaking here, and I'm looking at the bottom of 533, it says Fisher does not explicitly teach that B, using the determined touch location to retrieve a library of command data stored in a memory of the controlling device, the command data for use in controlling a functional operation of an appliance, and C, using the retrieved command data to transmit a command signal to the appliance via use of a transmission protocol recognizable by the appliance. So those two limitations are what the board labels as limitations three and four. So as we see here, no dispute, Fisher doesn't teach or suggest three and four. And as I said a few seconds ago, there's also no dispute that Dresty fails to teach limitations three and four because there's nothing in Dresty about using a determined touch location to retrieve stuff from. What does Dresty use to retrieve stuff from the key? Just a key button press. So you're saying that a person with ordinary skill in the art wouldn't understand from the combination proposed by the examiner that instead of having a key button, as in Dresty, there would be a touch switch, a sensitive touch switch, as taught by Fisher. I think that's the proposed combination. I think it would be helpful to look at exactly what the examiner proposed as the proposed combination, and then we can kind of, you know, I can kind of go and answer your question from there. Is that? So do you think what I've described is incorrect? I think I want to get the language the examiner used correct. If we read on 534, it's kind of in the middle of the page. The examiner says, it would have been obvious to one of ordinary skill in the art to modify the input device of Fisher to include the method of Dresty of providing a memory, including a command code library, and generating a command code associated with a command key. I apologize, where are you to say 534? Oh, I see, I found it. You see where it says regarding claim five? I found it. It's the paragraph right before there. At the time the invention was made, it would have been obvious, okay. So that chunk of the sentence, generating a command code associated with a command key, that is the key right there, because what the combination's not saying is that you're taking some sort of logic where you're using a touch location and putting that logic into Fisher. It's saying you're using logic that's totally based off of a command key selection and putting it into Fisher. And the key of the claim language is that there's internal logic in the remote that uses a touch location on the keypad, and that's what you're using to get from memory the correct command code. And if you don't have that logic in Fisher, which we know it doesn't because the examiner said so, if it doesn't have it in Fisher, you're not adding it to Fisher from DRESD, then you just can't have the claims. So that's our position. And obviously if the proposed combination doesn't result in the claims, it's our position. So you're saying because the examiner said use the determined touch location to retrieve from a command library, da-da-da, but Fisher does use the determined touch location to do something, right? Yes, that is accurate. It sends the touch location to a processor, and the processor uses that to send an instruction to a video driver or something like that. Right, right. Yeah. So the difference then, then the secondary reference teaches the second part, which is retrieving in response to some signal, which is really a signal coming from a touch button, like on my keyboard here on my computer. It says something is determined, it retrieves from the library of command data stored in the memory of the controlling device, a command data for use in controlling a functional operation of the appliance. That's the part that DRESD provides. So Fisher provides the touch screen, which I also have here on my computer, and then, let's see, DRESD provides what the microprocessor does when it receives that information, that input, if you will. It's two different kinds of input in these different devices, right? So you're saying that combination doesn't, those two references together don't teach that limitation? Correct, Your Honor. And what is that? Just help me understand. What is it that's missing from the proposed combination? Again, it is taking Fisher's use of touch screen sensitivity buttons and DRESD's use of what you're gonna do with that input that you receive from the user and how you're gonna control the memory with the controlling device, command data for controlling the functional operation of the appliance. Your Honor, respectfully, the key to this limitation three, as the Board called it, is the using the determined touch location to retrieve from a library of command data, a specific command data. So it's that using the touch location to retrieve from memory, that is the key to the claim language. That's the internal logic of the remote that I've been referring to that's missing from the combination. Does the primary reference that is Fisher use the determined touch location to do something? It's, again, it uses the touch location in the sense that it takes a, like a location and sends it to a processor. But the key there is there's nothing being used in Fisher to select something from memory, specifically even a command data. And again, looking at DRESD, the thing that's missing is using the determined touch location to retrieve something from memory. Because again, DRESD is just one of those conventional remotes, it only has buttons. You press a button. So you press the button and then that's what causes. Right, but you're not using that touch location. But you are, yeah, it's not a touch screen button. It's a different kind of button, like on the keyboard, that you touch and then that retrieves the command code from memory. Yes, that sounds correct. But again, not using a determined touch location to retrieve from memory. You know, there's none of this important logic in DRESD that uses specifically a determined touch location to retrieve in memory. Same thing in Fisher. And the way the examiners propose combining the two, still missing. Okay, you're out of your time. We'll restore you three minutes. Thank you, Your Honor. May it please the court. I see this as a relatively straightforward obviousness case. Similar to how Judge Stoll was explaining it. Fisher discloses an input device that accepts both touch input and button presses. And Fisher says that this input device can be used in any sort of consumer electronic device. So it names remote controls, music players, personal digital assistants, phones, et cetera. The only thing it's missing is it doesn't say it can be used in a universal remote control. But the secondary references in each of these cases clearly disclose a universal remote control, including the command code library. And as both the examiner and the board agreed, a skilled artisan would combine the two to take advantage of the benefit of Fisher's input device with the benefit of a universal remote control to be able to control multiple devices of different makes and models. The arguments that Appellant is attempting to make about the limitation seems to focus very much on the references by themselves. It's not looking at what the references combine teach. And the board said that, for example, on appendix page six, the board made clear that the examiner relies on the combination of Fisher and Dresde, not Fisher alone, to teach or suggest the recitations of limitation three and four in claim one of the 037 application. So I think if you look at the two, you're just taking, Fisher says, you can use this great input device and all these different type of products. And one other product is universal remote control, which is disclosed in the secondary references. And I don't think it's so complicated to say that a skilled artisan would have combined the two. What's your response to the argument from your colleague on the other side, that the board erred in that it failed to articulate a rational reason to combine Fisher and Dresde? I don't think that's the case. I mean, if you look on appendix page seven, where the board discusses this, and the board concludes that one of skill would have been motivated to combine the references to use the command code library of Dresde for commanding the operation of home appliances of different makes, models, and types. And it seems like you're taking the benefit of Fisher's input device with the benefit of Dresde's universal remote capabilities and combining them. And I don't know what more needs to be shown for a motivation and combines. This is, again, I think, a straightforward issue. And I think the board's finding is supported by substantial evidence. You have no further questions? Mr. Trotter, do you have any questions? Nothing for me, sir. Okay, thank you. Thank you. Thank you. We'll restore your three minutes of time if you need it. Thank you, your honor. I'll be brief here. Just want to address two things my colleague said. First, my colleague said that the only thing Fisher's missing is that it doesn't say can be used, that Fisher's input device doesn't say can be used in a universal remote. So as we saw in the examiner's final office action, that's not necessarily true. There's two major, major limitations of the claim that are indisputably missing from Fisher. And also, this whole idea of a universal remote being missing, that's not a claimed feature as well. The other thing I want to focus on is that my colleague said that we're not focusing on how the two references are being combined. Well, as your honors know, we looked at exactly how the examiner proposed combining the two references. And as I explained, the combination of the two still doesn't get you to what the claims require. So I think we've shown that it's the combination of the two references that doesn't meet the claim limitation. We are not improperly focusing on the two references individually. We're looking for a robust explanation as to why the combination would have been made. Is that right? I think there is something lacking from the examiner's and the board's description of why you would make Fisher into universal remote. But even putting aside the motivation to combine issue, we think this lack of a teaching and suggestion of the internal logic that's claimed from the combination, that is a unique separate issue that is potentially more important than the motivation to combine issue, which you don't even get to if the proposed combination is lacking something from the claims. I have nothing further, your honors. All right, we thank you. Thank you.